UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD TUSCANY,

    Plaintiff,

  v.

ELENA VILLALOBOS, et al.,

    Defendants.

Case No. 16-cv-07373-JCS

**REPORT AND RECOMMENDATIONS REGARDING SUA SPONTE REMAND AND IMPOSITION OF PRE-FILING REVIEW**

Re: Dkt. No. 1

## I. INTRODUCTION

This is an unlawful detainer action originally filed in the California Superior Court for the County of Monterey and assigned the case number 16CV001985 in that court (the "State Court Action"). The case has been removed and remanded once before. For the reasons stated below, the undersigned recommends that the case be REMANDED once again, and that the Court enter an order REQUIRING PRE-FILING REVIEW of any further removal of this action.

Because not all parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), the case will be assigned to a United States district judge for further proceedings, including action on these recommendations. Any party that wishes to file an objection to these recommendations may do so **no later than fourteen days after being served with a copy of this Report.**

## II. BACKGROUND

Defendants Elena Villalobos, Jonathan Villalobos, Raul Villalobos, and Ashley Villalobos previously removed the State Court Action to this Court in October of 2016, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Tuscany v. Villalobos*, No. 3:16-cv-06252-JD (N.D. Cal.) (the "6252 Case"). The Honorable Donna Ryu recommended that the case be remanded sua sponte because the only stated basis for removal was that Plaintiff Richard Tuscany

allegedly discriminated against Defendants in violation of federal law, and potential federal affirmative defenses do not provide a basis for removal. *See generally* 1st Report and Recommendation (6252 Case dkt. 8). Instead, a federal question must appear on the face of the plaintiff's well-pleaded complaint, which in this case only stated a claim for unlawful detainer under state law. *Id.* Defendants did not file an objection to Judge Ryu's report, and the Honorable James Donato adopted her recommendation and remanded the case on December 12, 2016. *See generally* Remand Order (6252 Case dkt. 10).

Defendants have now once again removed the State Court Action to this Court, filing their present notice of removal (dkt. 1) on December 28, 2016. The present notice of removal is nearly identical to the notice filed in the 6252 Case—although it omits the earlier notice's characterization of Tuscany as a "sick pervert" and a reference to police reports regarding his conduct—and bears the same October 26, 2016 date. Nothing in the present notice of removal addresses Judge Ryu's determination, adopted by Judge Donato, that the case is not subject to removal because no federal question appears on the face of Tuscany's unlawful detainer complaint.

## III.   ANALYSIS

### A.   Remand

#### 1. Legal Standard

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### 2. Removal Was Not Proper Under 28 U.S.C. §§ 1331 and 1441

Defendants once again assert that the case is subject to removal because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The law has long been "settled . . . that a case may not be removed to federal court on the basis of a federal defense." *See id.*

Unlawful detainer is a state law claim that does not implicate federal law. *See, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). As noted in Judge Ryu's report in the 6252 Case, "[w]hatever Defendants intend to argue in response to this allegation does not give rise to removal jurisdiction." 1st Report and Recommendation at 2; *see Caterpillar*, 482 U.S. at 392. Nothing in the present notice of removal changes that conclusion, and the undersigned therefore recommends that the case once again be remanded for lack of subject matter jurisdiction.

### 3. Removal Was Not Timely Under 28 U.S.C. § 1446(b)

A notice of removal must be filed within thirty days of service of an initial pleading or summons, or some "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Here, the State Court Action has been pending since June of 2016. Defendants' present notice of removal does not identify any changes within the preceding thirty days that rendered the case removable. Accordingly, the untimeliness of the present removal is also a sufficient basis for remand.

### B.   Vexatious Litigant Order and Pre-Filing Review

In another case involving serial removals of a state court unlawful detainer action—in that case, four successive removals—Judge Lloyd set forth the standard for declaring a party to be a vexatious litigant and entering an order requiring pre-filing review:

> "Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances,'" including the issuance of pre-filing

orders. *Bridgewater v. Hayes Valley Ltd. Partnership*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal., Feb. 11, 2011) (quoting *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Pre-filing orders are rarely used and "cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Nevertheless, "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater*, 2011 WL 635268 at *4 (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). And, "'[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.2d at 1148)). In determining whether a pre-filing order should issue, courts must (1) give the litigant notice and an opportunity to be heard; (2) compile and adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the litigant's filings; and (4) narrowly tailor any resulting order to fit the specific vice encountered. *Id.*

*NGA Inv., LLC v. Beronilla*, No. 5:14-cv-02457 HRL, 2014 WL 3421919, at *3 (N.D. Cal. July 14, 2014) (alteration in original), *report and recommendation adopted*, 2014 WL 3867781 (Aug. 4, 2014). The undersigned addresses each of the four requirements in turn.

First, Defendants have notice and an opportunity to be heard because they may file objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1).

Second, there is an adequate record of abuse of the removal procedure in this unlawful detainer action, because Judge Ryu's previous report in the 6252 Case set forth the reasons that this case is not subject to removal, and Defendants nevertheless filed a second notice of removal virtually identical to the first, without addressing the reasons why the case was previously remanded.

Third, the undersigned finds Defendants' removals to be frivolous, because they failed to timely remove under § 1446(b) and failed to demonstrate any basis for subject matter jurisdiction. Although a pro se litigant's misunderstanding of the law may in some circumstances be understandable, Defendants cannot claim ignorance as to their second removal after receiving the Court's order remanding the case after their first removal. The record as a whole indicates an intent to delay rather than a bona fide desire to litigate in a federal forum, and suggests that Defendants are likely to file further frivolous removals if not restricted from doing so by an order

of the Court.[1]

"Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148). The undersigned recommends that, as in *NGA Investment*, a vexatious litigant order be narrowly drawn to encompass only further removals of this unlawful detainer action, and to allow Defendants to seek leave of the Court for such removals rather than barring removal entirely. The undersigned therefore recommends that the Court enter the following order:

> IT IS HEREBY ORDERED that before filing any further notices of removal of Monterey County Superior Court case number 16CV001985, Elena Villalobos, Jonathan Villalobos, Raul Villalobos, and/or Ashley Villalobos must first file a motion with the Court seeking leave to file a notice of removal. Any such motion must include: (1) a copy of Judge Spero's Report and Recommendation issued in this case, (2) a copy of this Order, and (3) a copy of the proposed filing. The Clerk of the Court shall not accept for filing any further notices of removal of Monterey County Superior Court case number 16CV001985 unless accompanied by an order from a judge of this district granting leave to file the removal papers.

The language above is included only to illustrate the recommended order and to allow Defendants an opportunity to respond. No such order will be entered unless and until these recommendations are adopted by a United States district judge.

## IV.   CONCLUSION

For the reasons stated above, the undersigned recommends that this case be REMANDED sua sponte to the Superior Court of California for the County of Monterey and that an order be entered REQUIRING PRE-FILING REVIEW of any further removal of this unlawful detainer action. Although the undersigned does not recommend an award of attorneys' fees sua sponte,

---

[1] Plaintiff's counsel filed a letter in the 6252 Case requesting expedited review of Judge Ryu's report and detailing a series of improper steps beyond frivolous removals that Defendants purportedly took to delay resolution of the State Court Action. *See* Letter (6252 Case dkt. 9). That letter was not accompanied by evidence or documents subject to judicial notice, and the undersigned therefore disregards it for the purpose of this report—even without considering counsel's assertions, the undersigned finds that the pattern of frivolous removals is sufficient to impose pre-filing review. However, if counsel is aware of individuals engaged in the unlicensed practice of law for the purpose of improper delay, he is encouraged to report such conduct to the state bar or law enforcement authorities. *See* Letter at 1 (discussing "a sort of cottage industry of underground paralegals who earn their living delaying unlawful detainer cases through frivolous and underhanded means").

Defendants are admonished that further attempts to improperly delay litigation may result in monetary sanctions. Because not all parties have consented to the jurisdiction of a magistrate judge, this case will be reassigned to a United States district judge for further proceedings, including action on this recommendation—either to Judge Donato if determines this case is related to the 6252 Case, or to a randomly assigned district judge if Judge Donato determines that it is not related. **Any party that wishes to file objections to this recommendation may do so within fourteen days of being served with a copy of this report.** *See* 28 U.S.C. § 636(b).

Defendants, who are not represented by counsel, are encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: January 3, 2017

JOSEPH C. SPERO
Chief Magistrate Judge